AO 91 (Rev. 11/11) Criminal Complaint (Rev. by USAO on 3/12/20)    ☐ Original    ☐ Duplicate Original

**LODGED**
CLERK, U.S. DISTRICT COURT
02/06/2025
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ASI_____ DEPTUTY

# UNITED STATES DISTRICT COURT
for the
Central District of California

**FILED**
CLERK, U.S. DISTRICT COURT
02/06/2025
CENTRAL DISTRICT OF CALIFORNIA
BY: _____KL_____ DEPUTY

United States of America

v.

JOSE ALBERTO RIOS-NAVARRO,
  aka "Jose Alberto Rios,"
  aka "Jose Rios,"

Defendant.

Case No.   2:25-mj-00534-DUTY

## CRIMINAL COMPLAINT BY TELEPHONE
## OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date of August 12, 2020 in the County of Los Angeles in the Central District of California, the defendant violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1326(a), (b)(2) | Illegal Alien Found in the United States Following Deportation |

This criminal complaint is based on these facts:

  *Please see attached affidavit.*

  ☒ Continued on the attached sheet.

/s/
Complainant's signature

Josef Singer, Deportation Officer ERO
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date:   February 6, 2025

*Alicia G. Rosenberg*
Judge's signature

City and state:   Los Angeles, California

Hon. Alicia G. Rosenberg, U.S. Magistrate Judge
*Printed name and title*

AUSA: Alexander H. Tran (x0758)

**AFFIDAVIT**

I, Josef L. Singer, being duly sworn, declare and state as follows:

## I. PURPOSE OF AFFIDAVIT

1. This affidavit is made in support of a criminal complaint and arrest warrant against Jose Alberto RIOS-NAVARRO, also known as ("aka") "Jose Alberto Rios," aka "Jose Rios" ("defendant"), charging him with violating Title 8, United States Code, Sections 1326(a), (b)(2), Illegal Alien Found in the United States Following Deportation.[1]

2. The facts set forth in this affidavit are based upon my personal observations, my training and experience, and information obtained from various law enforcement personnel and witnesses. This affidavit is intended to show that there is sufficient probable cause for the requested complaint and warrant and does not purport to set forth all my knowledge of or investigation into this matter. Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and in part only.

## II. BACKGROUND OF DEPORTATION OFFICER JOSEF L. SINGER

3. I am a Deportation Officer ("DO") with the United States Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"). I have been a DO with ICE, formerly known as the Immigration and Naturalization Service

---

[1] A criminal complaint was previously filed against defendant on December 17, 2020. See United States v. Jose Alberto Rios-Navarro, 2:20-mj-06121-DUTY. The complaint was dismissed without prejudice on September 20, 2023 by the Honorable Brianna Fuller Mircheff.

("INS"), since April 2018.  I am currently assigned to the Los Angeles Enforcement and Removal Operations ("ERO") field office.

### III. STATEMENT OF PROBABLE CAUSE

4.  On or about August 12, 2020, the ICE Pacific Enforcement Response Center ("PERC") received an electronic notification based on biometric fingerprint information that RIOS-NAVARRO was arrested and in the custody of the Long Beach Police Department ("LBPD").  On or about that day, PERC lodged a DHS Immigration Detainer with the LBPD.  On or about August 15, 2020, RIOS-NAVARRO was released from LBPD custody.

5.  On or about February 4, 2025, I reviewed the Immigration Alien Response ("IAR") electronic notification associated with RIOS-NAVARRO's August 12, 2020, arrest.  I then verified that the Fingerprint Identification Number ("FIN") associated with the IAQ was 1054097740.  I then confirmed that the RIOS-NAVARRO possessed the same FIN number, 1054097740.

6.  Based on my training and experience, I know that a DHS "A-File" is a file in which immigration records are maintained for aliens admitted to or found in the United States.  I also know that a DHS A-File usually contains photographs, fingerprints, court records of conviction, and records relating to deportation or other actions by INS or DHS with respect to the subject alien for whom the DHS A-File is maintained.

7.  On or about February 3, 2025, I obtained and reviewed DHS A-File A095-618-281 (the "DHS A-File"), which is maintained for the subject alien "JOSE ALBERTO RIOS-NAVARRO."  The DHS A-File contained the following documents and information:

a.   Photographs of the subject alien to whom this specific DHS A-File corresponded.  I compared the photographs in the DHS A-File to photographs taken at the time of RIOS-NAVARRO's booking into local law enforcement custody.  I thus determined that this DHS A-File and its contents corresponded to RIOS-NAVARRO.

b.   Four executed Warrants of Removal/Deportation (Form I-205) indicating that defendant was officially removed from the United States on or about May 24, 2004, January 15, 2009, February 6, 2012, and March 25, 2020.  I know from my training and experience that a Warrant of Removal is executed each time a subject alien is removed and excluded from the United States by ICE (and its predecessor agency, INS) and usually contains the subject's photograph, signature, and fingerprint.  The executed Warrants of Removal/Deportation in defendant's DHS A-File contained his photograph, signature, and fingerprint.

c.   A certified conviction record showing that RIOS-NAVARRO was convicted on or about November 13, 2001, of Second Degree Robbery, under the name "Jose Rios," in violation of Cal. Penal Code § 211, in the Superior Court of the State of California, County of Los Angeles, Case number NA050450, for which RIOS-NAVARRO was sentenced to a total term of two years' imprisonment.

d.   A certified conviction record showing that RIOS-NAVARRO was convicted on or about February 1, 2011, of Unlawful Driving or Taking of a Vehicle, under the name "Jose Navarro

3

Rios'" in violation of Cal. Veh. Code § 10851(a), in the Superior Court of the State California, Los Angeles County, Case number NA087865, for which RIOS-NAVARRO was sentenced to two years' imprisonment.

   e. A certified conviction record showing that RIOS-NAVARRO was convicted on or about February 14, 2020, of Felon/Addict in Possession of Firearm, under the name "Jose Alberto Rios," in violation of Cal. Penal Code § 29800(a)(1), in the Superior Court of the State of California, County of Los Angeles, Case number NA113712, for which RIOS-NAVARRO was sentenced to a total term 180 days' jail.

   f. Various documents, in addition to the Warrant of Removal/Deportation, indicating that defendant is a native and citizen of Mexico. These documents include: (i) one Final Administrative Removal Order (Form I-851), dated May 25, 2004, ordering RIOS-NAVARRO removed to Mexico; (ii) three Record of Sworn Statement, dated January 14, 2009, February 6, 2012, and March 25, 2020, which state that RIOS-NAVARRO is a native and citizen of Mexico.

  8. On or about February 4, 2025, I reviewed the printouts of the Criminal Identification Index ("CII"). Based on my training and experience, I know that the CII database tracks and records arrests and convictions of individuals according to an individual's CII number. The CII printouts confirmed that defendant had been convicted of the crime reflected on the documents contained in defendant's DHS A-File.

9. On or about February 5, 2025, I reviewed the printouts of ICE computer indices on defendant. Based on my training and experience, I know that the ICE computer indices track and document each time an alien is deported or excluded from the United States by ICE, was deported or excluded by the former INS, or is granted permission to enter or re-enter the United States. The ICE computer indices confirmed that RIOS-NAVARRO had been removed, deported, and/or excluded on the date indicated on the Warrant of Removal/Deportation, found in RIOS-NAVARRO's DHS A-File. The ICE computer indices further indicated that RIOS-NAVARRO had not applied for, or obtained from the Attorney General or the Secretary of Homeland Security, permission to re-enter the United States.

10. Based on my review of RIOS-NAVARRO's DHS A-File, I determined that it does not contain any record of his ever applying for, or receiving from the Attorney General or the Secretary of Homeland Security, permission to re-enter the United States. Based on my training and experience, I know that such documentation is required to re-enter the United States legally after deportation, and that if such documentation existed, it would ordinarily be found in defendant's DHS A-File.

//

//

## IV. CONCLUSION

11. For all the reasons described above, there is probable cause to believe that defendant has committed a violation of Title 8, United States Code, Sections 1326(a), (b)(2), Illegal Alien Found in the United States Following Deportation.

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone on this  6th  day of February 2025.

_____*Alicia G. Rosenberg*_____
HON. ALICIA G. ROSENBERG
UNITED STATES MAGISTRATE JUDGE